UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN RE RESTASIS (CYCLOSPORINE
OPHTHALMIC EMULSION) ANTITRUST
LITIGATION                                                                                    JUDGMENT
-------------------------------------------------------------X      18-MD-2819 (NG) (LB)
*THIS DOCUMENT APPLIES TO: FWK Holdings,*
*LLC v. Allergan, Inc., 18-cv-677; Rochester Drug*
*Co-Operative, Inc. v. Allergan, Inc., 18-cv970;*
*KPH Healthcare Services, Inc. a/k/a Kinney*
*Drugs, Inc., v. Allergan, Inc., No. 18-cv-974; and Meijer, Inc.*
*and Meijer Distribution, Inc. v. Allergan, Inc.,*
*19- cv-2563 (E.D.N.Y).*
-------------------------------------------------------------X

      An Opinion and Order of Honorable Nina Gershon, United States District Judge, having been filed on October 7, 2020, granting plaintiffs' final approval motion to the extent that the following payments are approved for distribution from the Settlement Fund after the Effective Date: (1) class counsel's request for reimbursement of their expenses in the amount of $1,978,235.05; (2) an attorneys' fee award of $16,423,921.65, plus interest on that amount that may accrue prior to distribution; and (3) service awards of $85,000 to FWK, KPH, and RDC and a service award of $42,500 to Meijer, for a total of $297,500; authorizing that further costs and expenses under $50,000 that are incurred during the claims administration process, including allocation and payment, for members of the Direct Purchaser Settlement Class may be disbursed, after the Effective Date, from the Settlement Fund without further application to the court; authorizing the Effective Date, Lead Class Counsel and RG/2 Claims Administration LLC to begin the claims administration process; enjoining and barring Releasors from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against the Releasees; and dismissing claims against defendant Allergan by the Direct Purchaser Class Plaintiffs and Direct Purchaser Settlement Class with prejudice; it is

ORDERED and ADJUDGED that plaintiffs' final approval motion is granted to the extent that the following payments are approved for distribution from the Settlement Fund after the Effective Date: (1) class counsel's request for reimbursement of their expenses in the amount of $1,978,235.05; (2) an attorneys' fee award of $16,423,921.65, plus interest on that amount that may accrue prior to distribution; and (3) service awards of $85,000 to FWK, KPH, and RDC and a service award of $42,500 to Meijer, for a total of $297,500;  that further costs and expenses under $50,000 that are incurred during the claims administration process, including allocation and payment, for members of the Direct Purchaser Settlement Class may be disbursed, after the Effective Date, from the Settlement Fund without further application to the court; it is further

ORDERED AND ADJUDGED that except as provided for above, no costs or attorneys' fees are recoverable or sought under 15 U.S.C. § 15(a); that after the Effective Date, Lead Class Counsel and RG/2 Claims Administration LLC are authorized to begin the claims administration process; that in addition, after the Effective Date, Lead Class Counsel will seek an order authorizing the distribution of the net proceeds of the settlement in accordance with the Plan of Allocation; it is further

ORDERED AND ADJUDGED that the Court retains exclusive jurisdiction over the settlement and the Settlement Agreement, including the administration and consummation of the settlement; that Releasors' Released Claims with respect to Releasees are hereby released, such release being effective as of the Effective Date. Releasors are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against the Releasees; that with respect to any non-released claim, no rulings, orders, or judgments in this Action shall have any res judicata, collateral estoppel, or offensive collateral estoppel effect; it is further

ORDERED AND ADJUDGED that neither this Opinion and Order, nor the Settlement Agreement, nor any other settlement related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceeding undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission, concession or waiver of any defense in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, by defendant, including, without limitation, that defendant has engaged in any conduct or practices that violate any antitrust statute or other law; and that the claims against defendant Allergan by the Direct Purchaser Class Plaintiffs and Direct Purchaser Settlement Class are dismissed with prejudice, as provided in the Settlement Agreement.

| | |
|---|---|
| Dated: Brooklyn, New York<br>October 8, 2020 | Douglas C. Palmer<br>Clerk of Court |
| | by:   */s/ Jalitza Poveda*<br>         Deputy Clerk |